UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CARPENTERS' DISTRICT COUNCIL OF GREATER ST. LOUIS AND VICINITY, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:09-CV-878 CAS |
| LANIGAN CONSTRUCTION, LLC, | ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion to compel post-judgment discovery. Plaintiffs' motion is accompanied by an affidavit of counsel and exhibits. For the following reasons, the Court will grant the motion.

**Background**.

Plaintiffs filed this action under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132 and 1145. The Complaint asserted that defendant Lanigan Construction, LLC was bound by the provisions of a collective bargaining agreement that required the payment of fringe benefit contributions through the purchase of fringe benefit stamps. Plaintiffs asserted that defendant failed to make the required contributions for the months of October 2006 through August 2007. Plaintiffs' Complaint sought to collect delinquent contributions, interest, liquidated damages, accounting fees, attorney's fees and costs.

Defendant was served with summons and complaint on June 18, 2009, but did not file an answer or other responsive pleading within the time allowed by the Federal Rules of Civil Procedure. On September 1, 2009, a Clerk's Entry of Default was issued pursuant to Rule 55(a), Fed. R. Civ.

P. By Judgment dated November 10, 2009, the Court entered default judgment in favor of plaintiffs and against defendant Lanigan Construction, LLC in the total amount of Twenty-Seven Thousand Nine Hundred Ten Dollars and Seventy Cents ($27,910.70).

**Motion to Compel**.

Plaintiffs' motion to compel and the affidavit of attorney Michael Evans assert that plaintiffs sent a notice of post-judgment deposition to Mr. Mike Lanigan of Lanigan Construction, LLC by mail on November 11, 2009, pursuant to Federal Rules of Civil Procedure 69 and 37. The notice required the attendance of Mr. Lanigan of Lanigan Construction, LLC at the office of plaintiffs' counsel on December 15, 2009, at 12:00 p.m., and the simultaneous production of certain documents relevant to plaintiffs' efforts to collect the judgment in this case. Mr. Lanigan did not appear at the deposition or produce any documents.

Rule 69(a) of the Federal Rules of Civil Procedure provides that a "money judgment is enforced by a writ of execution, unless the court directs otherwise." Rule 69(a)(1), Fed. R. Civ. P. Rule 69 further provides that the procedure on execution, and in proceedings in aid of execution, "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Id. Finally, Rule 69 provides that in aid of a judgment or execution, a judgment creditor "may obtain discovery from any person--including the judgment debtor--as provided in [the Federal Rules of Civil Procedure] or by the procedure of the state where the court is located." Rule 69(a)(2), Fed. R. Civ. P.

In the absence of a controlling federal statute, a district court "has the same authority to aid judgment creditors in supplementary proceedings as that which is provided to state courts under local

2

law." <u>H.H. Robertson Co. v. V.S. DiCarlo Gen. Contractors, Inc.</u>, 994 F.2d 476, 477 (8th Cir.) (citation omitted), <u>cert.</u> <u>denied</u>, 510 U.S. 1019 (1993).

Plaintiffs seek to take a post-judgment deposition in aid of execution of their judgment. This procedure is appropriate pursuant to Rules 69(a) and 30 of the Federal Rules of Civil Procedure. It appears to the Court from the affidavit of plaintiffs' counsel that Mr. Lanigan of defendant Lanigan Construction, LLC was properly noticed for deposition but failed to appear. Plaintiffs' motion to compel discovery should therefore be granted, and Mr. Lanigan of defendant Lanigan Construction, LLC will be ordered to appear for deposition at the offices of plaintiffs' counsel, and to produce the requested documents at the same time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to compel discovery is **GRANTED**. [Doc. 13]

**IT IS FURTHER ORDERED** that Mr. Mike Lanigan of defendant Lanigan Construction, LLC shall appear for a post-judgment deposition and produce the records requested in the notice of deposition dated November 11, 2009, at the offices of plaintiffs' counsel on **Monday**, **January 25, 2010**, at **10:00 a.m.**

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this order to defendant Lanigan Construction, LLC at 117 Edwin Drive, Jackson, Missouri 63755.

/s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   12th   day of January, 2010.